**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

JOHN B. PIROG,

        Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

        Defendant.

No.  C 08-02093 SBA
No.  C 08-02094 SBA

**ORDER**

[Docket No. 17]

      Before the Court is defendant's Motion to Dismiss for Lack of Jurisdiction (the "First Motion") [Docket No. 17] in Social Security appeal case 08-02093 SBA, and defendant's Motion to Dismiss for Lack of Jurisdiction (the "Second Motion") [Docket No. 11] in Social Security appeal case 08-02094 SBA.  For the following reasons, the Court DENIES both motions without prejudice.

**I.      Social Security Appeal Case 08-02093 SBA**

      In this case, plaintiff appeals a determination that he is ineligible for Supplemental Security Income (SSI) benefits.  Docket No. 1 at 1.  Defendant seeks a dismissal under Federal Rule of Civil Procedure 12(b)(1) on the grounds that plaintiff has failed to obtain a final appealable decision from defendants.  *See* Docket No. 17 at 1.  On April 22, 2008, the Court issued a Procedural Order for Social Security Review Actions (the "Procedural Order") [Docket No. 2].  The Procedural Order tracks the language of Civil Local Rule 16-5 which governs the procedures for reviewing administrative actions.  The Procedural Order clearly states that defendant "shall serve and file *an answer, together with a certified copy of the transcript of the administrative record*, within ninety days of the receipt of the summons and complaint."  Ord. ¶ 1 (emphasis added).

      On May 13 and 14, 2008, the United States Marshall served copies of the complaint and summons on the United States Attorney.  Docket Nos. 13-14.  On August 4, 2008, rather than comply with the Procedural Order and Rule 16-5, defendant filed the First Motion.  *See* Docket No. 17.  Specifically, defendant filed a "speaking" Motion to which are attached 23 pages of evidence, apparently drawn from the administrative record.  *See id.*  The Procedural Order does not

1    provide for such motions to dismiss, in part, because this unfairly prejudices plaintiffs who are

2    forced to oppose them, without any access to the administrative record, even though defendant has

3    unfettered access to it.  Nor is it possible for the Court to properly resolve such motions, when it also

4    lacks access to the administrative record.  For this reason, Civil Rule 16-5 and the Procedural Order

5    provide that after defendant serves and files the administrative record, the Court may dispose of an

6    administrative appeal on cross-motions for summary judgment.  As such, the Court DENIES the

7    First Motion without prejudice and ORDERS defendant to comply with paragraph 1 of the

8    Procedural Order within ten days of the date of the entry of this Order.

9    **II.        Social Security Appeal Case 08-02094 SBA**

10              In this case, plaintiff seeks a readjustment of his attorneys' fees.  Docket No. 1 at 2.

11    Defendant seeks a dismissal under Federal Rule of Civil Procedure 12(b)(1) on the grounds that

12    plaintiff "is not contesting a final Agency action subject to judicial review."  Docket No. 11 at 1:22.

13    Plaintiff sued on April 22, 2008, and the Clerk of the Court incorrectly coded this matter as "900

14    Appeal of Fee Determination," rather than as a Social Security appeal.  *See* Docket.  The matter was

15    assigned to Judge William A. Alsup, who set a case management conference ("CMC") for August 8,

16    2008.  Docket No. 2.  The parties were ordered to file a joint case management statement at least ten

17    days prior to the CMC.  *Id.*  On August 5, 2008, rather than file a case management statement,

18    defendant filed his Second Motion, to which he attached 28 pages of exhibits, apparently drawn

19    from the administrative record.  *See* Docket No. 11.

20              On August 7, 2008, Judge Alsup referred his matter to this Court to determine whether it is

21    related to case 08-02093.  Docket No. 13.  On September 2, 2008, this Court related case 08-02094

22    to case 08-02093.  Docket No. 15.  Defendant did not re-notice or re-file his Second Motion.

23    Although the Clerk of the Court did not initially issue a Procedural Order for Social Security Review

24    Actions for case 08-02094, it should have, as this matter is subject to Civil Local Rule 16-5 which

25    governs the procedures for reviewing administrative actions.  As such, for the same reasons stated in

26    part I, *supra*, the Court DENIES the Second Motion without prejudice, and ORDERS defendant to

27    comply with paragraph 1 of the Procedural Order within ten days of the date of the entry of this

28    Order.

**III.      Plaintiff's status in cases 08-02093 SBA and 08-02094 SBA**.

In addition, the Court notes that plaintiff recently filed a letter with the Court advising that he may be in Iowa for several months, assisting his mother, after his father's passing on October 17, 2008.  *See* Docket Nos. 20 in 02093 and 16 in 02094.  In his letter, plaintiff requests guidance from the Court for processing his case in absentia.  *See id.*  The Court does not provide legal advice, but cautions plaintiff that he is expected to prosecute his case with reasonable dispatch.  Further, the Court cautions that under Civil Local Rule 3-9(a), "[a] person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules.  Sanctions (including default or dismissal) may be imposed for failure to comply with local rules."  If plaintiff requires continuances of any deadlines, he should seek them from the Court under Civil Local Rule 6.[1]

**IV.      Conclusion**

ACCORDINGLY, the Court DENIES without prejudice defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 17] in case 08-02093 SBA and defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 11] in case 08-02094 SBA.  The Court ORDERS the Clerk of the Court to change the Nature of Suit for case 08-02094 to "864 Social Security: SSID Tit. XIV."  Both cases 08-02093 SBA and 08-02094 SBA are governed by the Procedural Order for Social Security Review Actions (the "Procedural Order") found at Docket No. 2 in case 08-02093.  The Court ORDERS defendant to comply with paragraph 1 of this Procedural Order with regards to both case 08-02093 SBA and case 08-02094 SBA, within ten days of the date of the entry of this Order.


IT IS SO ORDERED.


November 7, 2008                              _____
                                             Saundra Brown Armstrong
                                             United States District Judge

---

[1]      The Civil Local Rules are available on-line at www.cand.courts.us.gov.  The Federal Rules of Civil Procedure, however, are not posted on this web site, though they may be available on other web sites.

1  UNITED STATES DISTRICT COURT

2  FOR THE

3  NORTHERN DISTRICT OF CALIFORNIA

4

5

6  PIROG et al,                                    Case Number: CV08-02093 SBA

7               Plaintiff,                          **CERTIFICATE OF SERVICE**

8     v.

9  ASTRUE et al,

10               Defendant.
   _____/

11

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court,
    Northern District of California.

13

14  That on November 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
15  in the Clerk's office.

16

17

18  John B. Pirog
    336 Bon Air Center
19  #233
    Greenbrae, CA 94904
20
    Dated: November 7, 2008
21
                                          Richard W. Wieking, Clerk
22                                        By: LISA R CLARK, Deputy Clerk

23

24

25

26

27

28

4